Slip Op. 10-120

## UNITED STATES COURT OF INTERNATIONAL TRADE

| |
|---|
| NATIONAL FISHERIES INSTITUTE, INC., ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES BUREAU OF CUSTOMS AND BORDER PROTECTION,<br><br>Defendant. |

Before: Timothy C. Stanceu, Judge

Court No. 05-00683

## OPINION

[Affirming an amended remand redetermination by United States Customs and Border Protection of limits of liability on bonds previously subject to an enhanced bonding requirement and entering a permanent injunction to accomplish bond cancellation without delay]

Dated: October 21, 2010

*Steptoe & Johnson LLP* (*Eric C. Emerson*, *Gregory S. McCue*, and *Michael A. Pass*) for plaintiffs.

*Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Stephen C. Tosini* and *David F. D'Alessandris*); *Chi S. Choy*, Customs and Border Protection, United States Department of Homeland Security, of counsel, for defendant.

Stanceu, Judge: Plaintiffs (the "NFI Importers" or "NFI") are domestic shrimp importers

who brought this action to contest a new, more stringent bonding requirement (the "enhanced

bonding requirement," or "EBR") that United States Customs and Border Protection ("Customs,"

"CBP," or the "Agency") applied to all importers of shrimp products subject to antidumping duty

orders. *See Nat'l Fisheries Inst., Inc. v. U.S. Bureau of Customs & Border Prot.*, 34 CIT __, __,

Slip Op. 10-61, at 1-2 (May 25, 2010) ("*Nat'l Fisheries IV*").  Before the court is the amended

second redetermination upon remand ("Amended Second Remand Redetermination"), which

Customs submitted to the court in response to the remand order in *National Fisheries IV*, 34 CIT

at __, Slip Op. 10-61, at 20.  The court affirms the redetermined bond amounts in the Amended

Second Remand Redetermination.  The court orders permanent injunctive relief under which

Customs, with a limited exception, is required to implement the Amended Second Remand

Redetermination within sixty days of the entry of judgment.

### I. BACKGROUND

Background information, presented in *National Fisheries Institute, Inc. v. U.S. Bureau of

Customs & Border Protection*, 30 CIT 1838, 1843-47, 465 F. Supp. 2d 1300, 1305-09 (2006)

("*National Fisheries I*"), *National Fisheries Institute, Inc. v. U.S. Bureau of Customs & Border

Protection*, 33 CIT __, __, 637 F. Supp. 2d 1270, 1274-81 (2009) ("*National Fisheries II*"), and

*National Fisheries IV*, 34 CIT at __, Slip Op. 10-61, at 2-10, is summarized and supplemented

herein.

Early in these proceedings, the court ordered limited preliminary injunctive relief in favor

of the eight of twenty-seven plaintiffs who testified before the court and established, *inter alia*,

that they would suffer irreparable harm absent such relief.  *Nat'l Fisheries I*, 30 CIT at 1840-43,

465 F. Supp. 2d at 1303-05.  More recently, in ruling on plaintiffs' motion for judgment upon the

agency record, the court remanded for redetermination the bond sufficiency determinations that

Customs, in implementing the EBR, applied to all of the plaintiffs.  *Nat'l Fisheries II*, 33 CIT

at __, 637 F. Supp. 2d at 1304-05.  In *National Fisheries II*, the court held that Customs

exceeded its discretion in applying the EBR, arbitrarily and capriciously imposed increased bond

requirements only on importers of shrimp products, and unreasonably applied a formula for

determining bond liability limits that secures potential antidumping duties at a substantial

amount over the required cash deposit.  *Id.* at __, 637 F. Supp. 2d at 1294.  In determining that

remand proceedings were appropriate, the court held in abeyance plaintiffs' request for

permanent injunctive relief.  *Id.* at __, 637 F. Supp. 2d at 1300-01.  Defendant moved for a

clarification of the order the court issued in *National Fisheries II*, a motion the court denied.

*Nat'l Fisheries Inst., Inc. v. U.S. Bureau of Customs & Border Prot.*, 33 CIT __, Slip Op. 09-104

(Sept. 25, 2009) ("*National Fisheries III*").

Concluding that the redetermined bond amounts in the remand redetermination that

Customs issued in response to *National Fisheries II* did not address adequately the remaining

issues in this litigation, the court again remanded the action to Customs in *National Fisheries IV*,

34 CIT at __, Slip Op. 10-61, at 19-20.  Customs filed a second redetermination on June 23,

2010, on which plaintiffs submitted comments on July 21, 2010.  Pls.' Comments in Resp. to

Second Remand Results ("Pls. Comments").  Defendant filed a response to plaintiffs' comments

on August 20, 2010.  Def.'s Resp. to NFI's Remand Comments ("Def. Resp.").  On September 2,

2010, defendant filed an unopposed motion for leave for Customs to file an amended second

remand redetermination.  Def.'s Consent Mot. for Leave to File Am. Remand Results.  After

plaintiffs informed the court that they would file no further comments, the court accepted the

Amended Second Remand Redetermination for filing on September 8, 2010.  Order,

Sept. 8, 2010.

## II. DISCUSSION

### A.  Standard of Review

The court reviews the Amended Second Remand Redetermination according to the

standard of review set forth in Section 301 of the Customs Courts Act of 1980, 28 U.S.C.

§ 2640(e), under which it "shall review the matter as provided in section 706 of title 5."

28 U.S.C. § 2640(e) (2006).  In accordance with Section 706 of the Administrative Procedure

Act, 5 U.S.C. § 706, the court will "compel agency action unlawfully withheld or unreasonably

delayed," 5 U.S.C. § 706(1), and "hold unlawful and set aside agency action, findings, and

conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in

accordance with law," *id.* § 706(2)(A).

### B.  The Bond Amounts in the Second Amended Remand Redetermination

In accordance with the court's order in *National Fisheries IV*, 34 CIT at __, Slip

Op. 10-61, at 20, Customs redetermined the limits of liability on plaintiffs' bonds using the 10%

bond formula of Customs Directive 99-3510-004, which was in effect prior to the adoption of the

enhanced bonding requirement.  Am. Second Remand Redetermination 2; *see Monetary*

*Guidelines for Setting Bond Amounts*, Directive 99-3510-004 (July 23, 1991),

http://www.cbp.gov/linkhandler/cgov/trade/legal/directives/3510-004.ctt/3510-004.txt (last

visited Oct. 21, 2010).  The court directed that "[o]n remand, Customs must reconsider its

application of the 10% formula to amounts that include entries for which duty liability, as

determined upon liquidation, is already satisfied."  *Nat'l Fisheries IV*, 34 CIT at __, Slip

Op. 10-61, at 16.  The court reasoned that

> [a]pplication of the 10% formula to the entire amount of duties, taxes, and fees for
> the bond period, including duties on entries for which liquidation is final and
> liability is satisfied, results in an actual level of security that could exceed
> substantially the guideline level of 10%, as applied to the actual amount of duties
> at risk of nonpayment.

*Id.* at __, Slip Op. 10-61, at 15.  Upon reconsidering the question, Customs reduced the bond

amounts to adjust for entries on which liquidation is final.  Am. Second Remand

Redetermination 2 (stating that "the total duties, taxes, and fees paid during the bond period was

reduced by the total duties, taxes and fees relating to entries that were liquidated and the time to

file a protest had expired without a protest having been filed").  In response, plaintiffs state that

they "do not contest the bond redeterminations made by Defendant in its second remand results."

Pls. Comments 1.  The court affirms the redetermined limits of liability for the bonds at issue in

this action, as set forth in the Amended Second Remand Redetermination.

In the Amended Second Remand Redetermination, Customs states that it is issuing the

redetermined bond amounts "under protest," taking the position that "once a bond is in place, its

limit of liability should not be retroactively redetermined."  Am. Second Remand

Redetermination 1.  Customs states that retroactive redetermination "foregoes security to which

the agency may otherwise be entitled," limits the agency's ability to aggressively collect debts,

and impedes "efficient administration of bonds."  *Id*. at 1-2.  The court does not affirm the

portion of the Amended Second Remand Redetermination stating the Agency's position against

redetermined bond amounts.  This position contradicts the court's holdings in this action.  It rests

on the untenable premise that Customs should be free to maintain in place indefinitely bonds for

which the limits of liability were determined contrary to law.  Customs cannot be said to be

foregoing security to which it "otherwise may be entitled," *id.* at 1, when it has acted contrary to

law in ordering that security.

C.  Timing of the Required Cancellation of the Bonds

Customs will be required to cancel all bonds at issue in this case, whether or not it

chooses to require a replacement ("superseding") bond in an amount determined without regard

to the EBR and in accordance with the Amended Second Remand Redetermination.  *See Nat'l*

*Fisheries II*, 33 CIT at __, 637 F. Supp. 2d at 1305.  In their comments on the Amended Second

Remand Redetermination, plaintiffs advocate that the court "set a time certain by which

Defendant must cancel all bonds calculated under the enhanced bonding requirement."  Pls.

Comments 1.  Plaintiffs argue that "a fixed deadline is necessary to ensure that Defendant takes

action on these illegally calculated bonds," *id.* at 1-2, urging that the court allow Customs thirty

days for this purpose, *id.* at 3.  Defendant proposes, instead, a judgment in which Customs would

be required to take no action until thirty days from the date on which the judgment becomes final

and conclusive, *i.e.*, after all appeals have been exhausted.  Def. Resp., Judgment 1 (proposing

that the court order Customs to implement the Amended Second Remand Redetermination

"within 30 days of any final and conclusive judgment in this matter which sustains those remand

results").  Defendant objects that plaintiffs are attempting to obtain relief that would void the

bonds such that the bonds could not be reinstated should the government successfully appeal a

judgment entered in this case.  Def. Resp. 2.

Plaintiffs' comments seek an order that, after expiration of a time period under which

Customs would accept replacement bonds, would compel Customs to cancel the bonds on a date

certain and would permanently enjoin Customs from making claims or charges on the original

bonds.  *See* Pls. Comments 1-4.  In seeking relief entailing bond cancellation before the

conclusion of an appeal, plaintiffs are moving for permanent injunctive relief and are pursuing an

equitable remedy in the nature of the relief for which they moved earlier.  *See National*

*Fisheries II*, 33 CIT at __, 637 F. Supp. 2d at 1274 (stating that plaintiffs seek a permanent

injunction to prohibit Customs from applying the EBR to them).  The court has held in abeyance

any ruling on permanent injunctive relief pending the outcome of remand proceedings.  *Id*.,

33 CIT at __, 637 F. Supp. 2d at 1300-01.

A plaintiff seeking a permanent injunction must demonstrate that it has suffered an

irreparable injury, that the remedies available at law, such as monetary damages, are inadequate

to compensate for that injury, that, considering the balance of hardships between the plaintiff and

defendant, a remedy in equity is warranted, and that the public interest would not be disserved by

a permanent injunction.  *Ebay Inc. v. Mercexchange, L.L.C.*, 547 U.S. 388, 391 (2006).  "An

injunction is a matter of equitable discretion; it does not follow from success on the merits as a

matter of course."  *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 381 (2008) (citing

*Weinberger v. Romero-Barcelo*, 456 U.S. 305, 313 (1982)).

The court finds as facts, based on the record in this case, that each of the plaintiffs has

incurred, and will continue to incur absent permanent injunctive relief, adverse effects as a result

of being made subject to the unlawful enhanced bonding requirement.  *See, e.g.*, Pls.' Submission

of Supplemental Information Requested by the Ct. during *In Camera* Proceedings on Mar. 28,

2008, ¶¶ 25-42, Apr. 28, 2008; *Nat'l Fisheries I*, 30 CIT at 1850-51, 465 F. Supp. 2d at 1311-12;

Status Report in Resp. to the Ct.'s Inj., Jan. 26, 2007, Attach. 2-4; Status Report (Def.), Dec. 4,

2006; Status Report (Pls.), Dec. 4, 2006.  Those adverse effects, as shown by uncontested facts

and undisputed evidence on the record, have taken various forms.  Generally, plaintiffs have been

required to post collateral, typically in the form of letters of credit, to obtain bonds in amounts

demanded by Customs according to the EBR.  Earlier, some plaintiffs agreed to cease or reduce

importing activity to avoid the costs of enhanced bonding; others have incurred costs due to the

reduced availability of their credit to conduct their general business activities.  *See Nat'l*

*Fisheries I*, 30 CIT at 1855-57, 465 F. Supp. 2d at 1313-15.

        In addition, the court finds that all plaintiffs are experiencing competitive harm in

continuing to be subjected to a bonding requirement that does not apply to parties who began

importing after repeal of the EBR.  *See Nat'l Fisheries II*, 33 CIT at __, 637 F. Supp. 2d at 1303

("The continued refusal of Customs to address the problem of the previous bonds has resulted in

inequitable treatment of long-time importers, such as plaintiffs, relative to new importers who

were never subject to the unlawful enhanced bonding requirement.").  The harm imposed on

plaintiffs must be considered irreparable because plaintiffs will never be able to recover the costs

they incurred, or obtain redress for harm they have experienced, in maintaining the bonds that

Customs is unlawfully requiring of them.  The adverse effects stemming from the EBR will

continue until cancellation of the bonds on which plaintiffs are principals.  The court concludes,

therefore, that plaintiffs will continue to incur irreparable harm directly caused by unlawful

government action if cancellation of the EBR-based bonds must await the deciding of any appeal.

        Regarding the second factor for permanent injunctive relief, no remedy at law is

available.  Plaintiffs are not entitled to recover money damages from the United States as

compensation for the adverse effects they have incurred and will incur from the unlawful

bonding requirement.  Only through an injunctive remedy will plaintiffs avoid incurring

additional irreparable harm during an appellate proceeding.

With respect to the balancing of the hardships, the absence of injunctive relief will

impose on plaintiffs the irrecoverable costs of maintaining, during appeal, bonding set according

to the EBR, including the costs of maintaining collateral and of the reduced availability of credit

for other business activities and the irremediable competitive harm plaintiffs are incurring

relative to other importers.  Alternatively, a grant of injunctive relief, absent a stay pending

appeal, will preclude defendant from maintaining security at EBR-based levels for entries for

which liquidation is not yet final and for which potential duty liability is not yet satisfied, even if

the government ultimately prevails upon appeal.  The hardship to Customs resulting from a

permanent injunction, however, is limited.  Although the level of security available for the entries

now secured by EBR-based bonds in this case will be reduced from the current levels, security

still will be available in the form of cash deposits.  Additional security for amounts potentially

owing that exceed the cash deposits will be available as a result of any superseding bonds that

Customs may require, pursuant to the court's order, as a condition of cancellation of the EBR-

based bonds.  Customs will be authorized to secure the remaining liability that is the subject of

those now-terminated bonds according to the standard bond formula that it applies to all other

importers.  *See Monetary Guidelines for Setting Bond Amounts*, Directive 99-3510-004 (July 23,

1991), http://www.cbp.gov/linkhandler/cgov/trade/legal/directives/3510-004.ctt/3510-004.txt

(last visited Oct. 21, 2010).

The court concludes that the balance of the hardships is in favor of plaintiffs.  Due to the

previous decision of Customs not to apply the repeal of the EBR to bonds for previous bonding

periods, a decision that Customs has maintained through two remand proceedings, plaintiffs have

been adversely affected, and continue to be adversely affected, by a regulatory requirement that

Customs never applied to any importers other than shrimp importers and that Customs itself has

abandoned and thus no longer imposes on any importers.  Whatever interest Customs has in

continuing to apply the EBR to plaintiffs' now-terminated bonds is outweighed by the harm

being caused to plaintiffs.  That harm, absent a permanent injunction, will continue through the

time that an appellate proceeding will consume.

The public interest also favors the granting of the permanent injunction.  Although

maintaining a maximum level of security for the unliquidated entries would serve broadly the

public interest of revenue collection, it would do so at the cost of continuing to subject plaintiffs

to an unlawful, and discriminatory, bonding requirement that Customs no longer imposes on any

importers other than on a distinct class of persons, *i.e.*, those who began importing shrimp

subject to antidumping duty orders prior to the government's abandonment of the EBR.  The

public interest is not served by the discriminatory, arbitrary, and capricious continuation of an

onerous and unlawful requirement against a single group of importers.

Defendant argues that "[i]n essence, NFI is attempting to obtain premature relief in a

manner that may, in NFI's view, render moot any appeal that the Solicitor General were to elect

to take from any final judgment, by voiding the bonds in a manner under which they could not be

reinstated were the Government to successfully appeal."  Def. Resp. 2.  According to defendant,

plaintiffs erroneously presume that the relief sought would achieve the result plaintiffs hope to

accomplish, which is release of the collateral by the sureties prior to the conclusion of appellate

proceedings.  *Id.*  Defendant adds that "the Government will not voluntarily waive its right to

redress under any bond" and that "[t]he Court cannot direct CBP to voluntarily elect never to

proceed against any bond regardless of the outcome of a Government appeal." *Id.*

   The court concludes that a judgment in the form sought by plaintiffs, which would

impose a permanent injunction, likely would moot any appeal by the United States in the

particular circumstances of this case, unless defendant, at a later date, were to qualify for a

modification of the injunction (essentially, a stay of the judgment) pending appeal. *See* USCIT

Rule 62(c); F.R. App. P. 8(a).  Because the EBR that previously was in effect has been repealed,

arguably the only issue on appeal that is not already mooted by the repeal of the EBR is whether

Customs will be required to implement the Amended Second Remand Redetermination, which

affects only the level of security arising out of plaintiffs' now-terminated bonds.  Plaintiffs seek

equitable relief under which those bonds, after replacement with bonds in lower amounts, would

be canceled within a definite period of time from the entry of judgment.  By definition, a

canceled bond is one on which a principal and surety are released from all liability thereunder,

and therefore Customs would be unable to obtain payment from a surety upon a demand, claim

or charge made on a bond once that bond has been canceled in accordance with the Amended

Second Remand Redetermination.  The court is aware of no means, and the parties identify none,

under which Customs could reinstate a bond and thereby bind the surety once again, after the

bond is canceled.  Nevertheless, the court, exercising its discretion to weigh the competing

equitable considerations, concludes that the bonds remaining at issue in this litigation must be

canceled as soon as possible.  In weighing those considerations, the court concludes that the

possible mooting of defendant's appeal is not a sufficient reason for the court to deny plaintiffs

the equitable relief to which plaintiffs are otherwise entitled.  Defendant has not demonstrated

that it should be granted what would constitute an automatic stay of the judgment, and a delay in

the remedy, pending a possible appeal.  Should defendant choose to bring an appeal, it may

exercise its right to seek modification through the procedures of USCIT Rule 62(c) and, should

defendant not prevail, to seek a stay from the U. S. Court of Appeals for the Federal Circuit

pursuant to F.R. App. P. 8(a).  To balance these competing considerations, the court is allowing

defendant sixty days, rather than thirty days, from the entry of judgment in which to implement

the Amended Second Remand Redetermination.  The court considers this time period sufficient

to allow defendant to pursue a stay under USCIT Rule 62(c) and, should it not prevail, under F.R.

App. P. 8(a).

        In summary, the court concludes that plaintiffs have established their entitlement to

permanent injunctive relief as contemplated by the position they took earlier in this litigation and

as specifically sought in their comments on the Amended Second Remand Redetermination.

### D.  Form of Equitable Relief affecting Claims or Charges against the Bonds

        Plaintiffs state that they have "a well-founded fear" that the sureties will be unwilling to

release collateral absent certainty that they will not face liability on the canceled bonds.  Pls.

Comments 3.  "Plaintiffs accordingly request that as part of its Order this Court explicitly direct

that all bonds cancelled by Customs are null and void, and further, permanently enjoin Customs

from making any claim or charge against any canceled bond."  *Id.* at 4.

        Plaintiffs' request appears to presume that a canceled bond, in some respect, can be the

basis for liability of a surety, or at least for a belief by a surety that liability may exist.  As the

court discussed above, a canceled bond is a bond on which Customs no longer may demand

performance of any bond condition or obligation.  Therefore, an injunction that orders Customs

not to make a claim or charge against a canceled bond would appear to be redundant and

unnecessary.  Nevertheless, the court is unable to find in the Customs Regulations a definition of

a canceled bond or similar provision that unambiguously states the general principle that no

claim or charge can be made upon a canceled bond.  *See* 19 C.F.R. Part 113 and Subpart F

(2010).  To avoid any ambiguity that any party may discern with respect to the intent of the court

in ordering bond cancellation (with or without bond replacement), the judgment will provide that

Customs is permanently enjoined from making any demand, claim, or charge on any bond that

has undergone the cancellation procedure required therein.

### III. CONCLUSION

The court concludes that the redetermined bond liability limits in the Amended Second

Remand Redetermination are in accordance with law and comply with the remand order in

*National Fisheries IV*, 34 CIT at __, Slip Op. 10-61, at 20.  The court finds as facts that all

plaintiffs have incurred and, absent permanent injunctive relief will incur during any appeal,

irreparable harm as a result of the continued unlawful and discriminatory application to them of

the enhanced bonding requirement.  Balancing all competing equitable considerations, the court

concludes that permanent injunctive relief ensuring prompt bond cancellation is the appropriate

remedy by which this litigation should be concluded.  Customs, except in the event of a delay in

the tendering by a plaintiff-importer of a superseding bond, must accomplish all actions

necessary to implement the Amended Second Remand Redetermination within sixty days of the

entry of judgment.

 /s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: October 21, 2010
    New York, New York

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| |
|---|
| **NATIONAL FISHERIES INSTITUTE, INC., ET AL.,**<br><br>                    Plaintiffs,<br><br>                    v.<br><br>**UNITED STATES BUREAU OF CUSTOMS AND BORDER PROTECTION**,<br><br>                    Defendant. |

**Before: Timothy C. Stanceu, Judge**

**Court No. 05-00683**

## JUDGMENT

For the reasons stated in *National Fisheries Institute, Inc. v. U.S. Bureau of Customs & Border Protection*, 34 CIT __, Slip Op. 10-120 (Oct. 21, 2010) ("*National Fisheries V*") regarding the more stringent bonding requirement declared unlawful in *National Fisheries Institute, Inc. v. U.S. Bureau of Customs & Border Protection*, 33 CIT __, __, 637 F. Supp. 2d 1270, 1304 (2009) ("*National Fisheries II*") (the "enhanced bonding requirement"), upon consideration of the second remand redetermination of United States Customs and Border Protection ("Customs"), filed June 23, 2010, the amended second remand redetermination of Customs, filed September 8, 2010 ("Amended Second Remand Redetermination"), parties' comments, and all papers and proceedings herein, upon due deliberation, and in accordance with the scope of the court's remand order in *National Fisheries Institute, Inc. v. U.S. Bureau of Customs & Border Protection*, 34 CIT __, ___, Slip Op. 10-61, at 20 (May 25, 2010) ("*National Fisheries IV*"), it is hereby

**ORDERED** that the redetermined bond amounts in the Amended Second Remand Redetermination be, and hereby are, AFFIRMED; it is further

**ORDERED** that plaintiffs' motion for a permanent injunction, on which the court previously held any ruling in abeyance, and as modified by plaintiffs' submission in response to the second remand redetermination, is hereby GRANTED with the modifications and conditions set forth herein; it is further

**ORDERED** that, pursuant to the bond replacement procedure set forth herein, the Commissioner, U.S. Customs and Border Protection, or persons acting under his direction and control, within sixty (60) days of the date upon which this Judgment is entered, shall notify each plaintiff-importer as to whether Customs will require a replacement bond for any bond subject to cancellation according to this Judgment and, if so, shall allow the plaintiff-importer to tender a new bond with a limit of liability no greater than that which Customs determined in the Amended Second Remand Redetermination; it is further

**ORDERED** that the Commissioner, U.S. Customs and Border Protection, or persons acting under his direction and control, either within sixty (60) days of the date upon which this Judgment is entered or within five (5) days of the tendering of a replacement bond by a plaintiff-importer that Customs may require pursuant to the above paragraph, whichever is later, shall cancel each bond at issue in this action and addressed by the Amended Second Remand Redetermination; and it is further

**ORDERED** that the Commissioner, U.S. Customs and Border Protection, his successors in office, and all employees of Customs, are permanently enjoined from issuing any demand, claim, or charge upon any bond that has undergone the cancellation procedure required by this Judgment.

 /s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: October 21, 2010
          New York, New York