Slip Op. 10-137

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NATIONAL FISHERIES INSTITUTE, INC., ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES BUREAU OF CUSTOMS AND BORDER PROTECTION,<br><br>Defendant. | **Before: Timothy C. Stanceu, Judge**<br><br>**Court No. 05-00683** |

## OPINION AND ORDER

[Denying defendant's motion under USCIT Rule 62 for a stay of the judgment pending possible appeal]

Dated: December 17, 2010

*Steptoe & Johnson LLP* (*Eric C. Emerson*, *Gregory S. McCue*, and *Michael A. Pass*) for plaintiffs.

*Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Stephen C. Tosini* and *David F. D'Alessandris*); *Chi S. Choy*, Customs and Border Protection, United States Department of Homeland Security, of counsel, for defendant.

Stanceu, Judge: Defendant moves pursuant to USCIT Rule 62 to stay the judgment

entered in this case on October 21, 2010. *See* Mot. for Stay Pending Possible Appeal ("Def.'s

Mot."); *Nat'l Fisheries Inst., Inc. v. United States*, 34 CIT __, Slip Op. 10-120 (Oct. 21, 2010)

("*Nat'l Fisheries V*").  The court concludes that a stay of the judgment is not warranted.

## I. BACKGROUND

Defendant filed its motion to stay the judgment on December 2, 2010.[1]  Def.'s Mot.  The

judgment ordered the United States Bureau of Customs and Border Protection ("Customs" or

"CBP") to cancel, and, if necessary, allow replacements for, plaintiffs' bonds affected by the

amended second remand redetermination that Customs submitted in response to the court's order

in *National Fisheries Institute, Inc. v. United States*, 34 CIT __, Slip Op. 10-61 (May 25, 2010).

*Nat'l Fisheries V*, 34 CIT at __, Slip Op. 10-120, Judgment.  For each plaintiff, the court allowed

Customs sixty days from the date that judgment was entered or five days after a plaintiff tenders

a replacement bond, whichever occurs later, to comply with the judgment by effectuating the

amended second remand redetermination.  *Id.* at __, Slip Op. 10-120, Judgment.  Further, the

court permanently enjoined Customs "from issuing any demand, claim, or charge upon any bond

that has undergone the cancellation procedure" described in the judgment.  *Id.* at __, Slip Op.

10-120, Judgment.

## II. DISCUSSION

Defendant seeks a stay of the judgment "pending the Government's possible appeal so as

not to possibly render an appeal moot, thus denying the reviewing courts any opportunity to

decide the important issues presented by this case."  Def.'s Mot. 1.  Citing *Hilton v. Braunskill*,

481 U.S. 770, 776 (1987), defendant argues that all four factors that the United States Supreme

Court identified as appropriate for adjudication of a motion for stay of a judgment pending

---

[1] Plaintiffs' response to defendant's motion for a stay of the judgment is due on December 21, 2010.  Because the time for the government to bring an appeal will be exhausted before that date, the court rules on defendant's motion prior to considering a possible response by plaintiffs.

appeal–specifically, whether the stay applicant has made a strong showing that he is likely to succeed on the merits, whether the applicant will be irreparably harmed absent a stay, whether the issuance of the stay will substantially injure the other parties, and where the public interest lies–favor granting a stay in this case.  Def.'s Mot. 6.  The court disagrees.

As a threshold matter, the court observes that no appeal is pending.  In *Hilton v. Braunskill*, the Supreme Court discussed the equitable factors pertaining to the power of federal courts under Federal Rule of Civil Procedure 62(c) and Federal Rule of Appellate Procedure 8(a) to grant a stay pending an actual appeal, not a possible appeal.  *See Hilton v. Braunskill*, 481 U.S. at 776.  USCIT Rule 62(c), which parallels the Federal Rule of Civil Procedure, contemplates a stay in the event of an actual appeal.  As of the time of issuance of this Opinion and Order, defendant has not filed a notice of appeal with the Clerk of the Court of International Trade.  *See* F.R. App. P. 3.  Defendant acknowledges in its motion that "[t]he decision of the appropriate official upon whether to appeal remains pending."  Def.'s Mot. 1 n.1.

The lack of a pending appeal does not necessarily preclude the court from exercising its power to stay its judgment and in so doing modify the injunctive relief it has ordered in this case. *See*, *e.g.*, 11 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 2904, at 516-17 (2d ed. 1995) (observing that courts have authority to stay an injunction pending appeal "[w]hen there is reason to believe that an appeal will be taken"). However, the court weighed the equitable considerations affecting a decision on a stay when ruling on the amended second remand redetermination.  At that time, the court, in deciding whether to award permanent injunctive relief in this case, considered whether to stay the effective date of the judgment to avoid mooting any appeal of the judgment that the government

might bring. *Nat'l Fisheries V*, 34 CIT at __, Slip Op. 10-120 at 6-12.  Deciding against such a

stay, the court concluded "that the bonds remaining at issue in this litigation must be canceled as

soon as possible" and that "the possible mooting of defendant's appeal is not a sufficient reason

for the court to deny plaintiffs the equitable relief to which plaintiffs are otherwise entitled." *Id.*

at __, Slip Op. 10-120 at 11.  In deciding defendant's current motion, the court reconsiders the

matter and again concludes that the likely mooting of defendant's appeal, were such an appeal to

occur, is not a sufficient ground on which the judgment should be stayed.

Concerning possible success on appeal, defendant argues that "there is more than a

serious and substantial question concerning whether bond determinations are committed to

CBP's discretion by statute, given the lack of any statutory standards for the Court to apply in

reviewing CBP's efforts to protect the revenue" and that, as a result, "the 'arbitrary and

capricious' standard of review should not have applied to bond determinations."  Def.'s Mot.

9-10.  According to defendant, a court must uphold any bond determination by Customs unless

Customs exceeded its statutory authority, there was a constitutional violation, or Customs

violated its own regulation.  *Id.* at 10 (citing *Heckler v. Chaney*, 470 U.S. 821, 830-31 (1985);

*Webster v. Doe*, 486 U.S. 592, 600 (1988)).  The court previously rejected these arguments.  *See*

*Nat'l Fisheries Inst., Inc. v. United States*, 33 CIT __, __, 637 F. Supp. 2d 1270, 1283-85 (2009)

("*Nat'l Fisheries II*").  In considering the question anew, the court again finds meritless

defendant's arguments to the effect that the "arbitrary and capricious" standard of review, as

provided by Congress, Section 301 of the Customs Courts Act of 1980, 28 U.S.C. § 2640(e)

(2000), does not apply to the judicial review of the agency actions that were contested in this

litigation.  Were defendant correct, individual bond liability limits determined by Customs

essentially would be unreviewable even if arbitrary, capricious, or unreasonable. *Nat'l Fisheries II*, 637 F. Supp. 2d. at 1284. The court previously concluded from its examination of Section 623 of the Tariff Act of 1930, 19 U.S.C. § 1623(a), (2000), which expressly identifies as relevant factors "the protection of the revenue" and "compliance with any provision of law, regulation, or instruction which the Secretary of the Treasury or the Customs Service may be authorized to enforce," that "there is law for a court to apply in this case." *Id.* __, 637 F. Supp. 2d at 1284 (citing *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410 (1971)).

Defendant argues, in the alternative, that the bond determinations that remain at issue in this litigation must be sustained as reasonable upon judicial review. Def.'s Mot. 12-14. The court earlier concluded that the enhanced bonding requirement was contrary to law in multiple respects. At issue in this case are terminated bonds, the limits of liability of which Customs set at 100% of an importer's previous annual duty payments. *Nat'l Fisheries II*, 33 CIT at __, 637 F. Supp. 2d at 1275. After analyzing the allocation by Congress of authority between the two agencies, the court held that the U.S. Department of Commerce ("Commerce") has "the specific responsibility . . . to determine potential antidumping duty liability as accurately as possible in the form of the cash deposit" and that Customs acted contrary to the limitations on its authority when it required a class of importers to post security for antidumping liability at double the level Commerce determined to be appropriate. *Id.* at __, 637 F. Supp. 2d at 1294. Moreover, this case involved not only individual bond determinations but an onerous new bond requirement that Customs arbitrarily imposed on a specific class of importers, without an adequate justification grounded in any particularized risk to the revenue. As the court previously concluded, "Customs arbitrarily and capriciously imposed its heightened bonding requirement solely on U.S. importers

of subject shrimp, even though Customs did not consider whether U.S. shrimp importers pose a

greater risk of defaulting on antidumping duties . . . ." *Id.* at __, 637 F. Supp. 2d at 1294.

As to whether the government will suffer irreparable injury in the absence of a stay, the

court already considered this possibility and weighed it against other equitable factors upon

concluding that complying with the court's judgment likely would render moot any appeal once

the bonds subject to this case are canceled. *Id.* at __, Slip Op. 10-120 at 11. This factor does not

outweigh the other factors, including the adverse effect on plaintiffs from a stay pending a

possible appeal, for reasons discussed below.

Concerning whether issuance of the stay will substantially injure the other parties to the

proceeding, defendant states that "NFI will not be injured by a stay. . . . [T]he importers have, for

the most part, continued to import shrimp throughout this proceeding, and no party has

contended that it would be significantly harmed should CBP be allowed to protect the revenue

pending appeal." Def.'s Mot. 7. The record in this case does not support defendant's

characterization of past events that are a matter of record in this case. The enhanced bonding

requirement earlier forced some plaintiff importers to curtail certain importing activities and

adversely affected all plaintiffs. As the court stated previously, "plaintiffs have been required to

post collateral, typically in the form of letters of credit, to obtain bonds in amounts demanded by

Customs according to the [enhanced bonding requirement]." *Id.* at __, Slip Op. 10-120 at 8. The

court also observed that "[e]arlier, some plaintiffs agreed to cease or reduce importing activity to

avoid the costs of enhanced bonding; others have incurred costs due to the reduced availability

of their credit to conduct their general business activities." *Id.* As a general matter, "each of the

plaintiffs has incurred, and will continue to incur absent permanent injunctive relief, adverse

effects as a result of being made subject to the unlawful enhanced bonding requirement." *Nat'l Fisheries V*, 34 CIT at __, Slip Op.10-120 at 7.  Additionally, it would be incorrect to state or imply that plaintiffs, who have incurred irrecoverable costs as a result of an illegal agency action, have conceded that they will not be significantly harmed were the government to obtain a stay pending appeal.  *Id.* at __, Slip Op. 10-120 at 8-9; Mem. of Points & Authority in Supp. of Pls.' Mot. for J. on the Agency R. 28-29.  The unjust, discriminatory harm that would occur throughout the duration of a possible appeal were Customs permitted to continue to impose the unlawful, and now repealed, enhanced bonding requirement on a small group of importers weighs heavily against staying enforcement of the judgment.

        With respect to the matter of the public interest, defendants cite to the importance of collecting all antidumping duties and of "multi-tiered review."  Def.'s Mot. 8-9.  Defendant's "public interest" argument addressing duty collection would appear to overlook the significance of the fact that Customs never imposed the enhanced bonding requirement on any importers other than shrimp importers and the fact that Customs, some time ago, discontinued the requirement prospectively for all importers, including the plaintiffs in this case.  *Nat'l Fisheries II*, 34 CIT at __, 637 F. Supp. 2d at 1281.  The revenue in question is already protected by cash deposits; in addition, the court's judgment does not preclude Customs from requiring superseding bonds according to the same general bond formula that Customs applies to all importers.  The effect of the judgment is to extend to the duty liability secured by plaintiffs' terminated bonds the same regulatory treatment that Customs accords to continuous bonds of all other importers, instead of the unlawful treatment resulting from the enhanced bonding requirement that Customs, despite multiple opportunities, has refused to redress.  Allowing the

discriminatory and unlawful treatment to continue throughout an appellate process would be

contrary to fair and equitable administration of the law.  Nor does the importance of multi-tiered

judicial review justify a stay of the judgment.  The general principle is that an appeal does not

stay the effect of an injunction.  *See* USCIT Rule 62(a).  In summary, as the court previously

concluded, "[t]he public interest is not served by the discriminatory, arbitrary, and capricious

continuation of an onerous and unlawful requirement against a single group of importers."  *Nat'l*

*Fisheries V*, 34 CIT at __, Slip Op. 10-120 at 10.

### III.  CONCLUSION AND ORDER

      Defendant has not made a strong showing that it is likely to succeed on the merits should

it bring an appeal.  Plaintiffs would suffer irredressable harm were the court to grant the stay

defendant seeks, and granting that stay would not serve the public interest.  These factors weigh

strongly against a stay, which the court declines to grant even though recognizing that complying

with the court's judgment likely will render moot any appeal that defendant may bring.

### ORDER

      For the aforementioned reasons, it is hereby

      **ORDERED** that Defendant's Motion for Stay Pending Possible Appeal, filed on
December 2, 2010, be, and hereby is, DENIED.

                 /s/ Timothy C. Stanceu
                 Timothy C. Stanceu
                 Judge

Dated: December 17, 2010
New York, New York